UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:05-CR-278 |
| | § | |
| GABRIEL GALINDO | § | |

## ORDER

Gabriel Galindo filed a motion requesting a reduction in his sentence pursuant to 18 U.S.C. § 3582(c) and Amendment 782 to the sentencing guidelines. D.E. 44. Because he does not qualify for relief pursuant to Amendment 782, his motion is denied.

Galindo was re-sentenced to 120 months in the Bureau of Prisons in 2011 as a result of a previous motion for sentence reduction pursuant to § 3582(c)(2). He was convicted and originally sentenced in 2006 based upon his guilty plea to possession with intent to distribute 165.5 grams of cocaine base.[1] D.E. 27. "A defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may apply for a reduction in his sentence if the amendment applies retroactively. 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 131 S.Ct. 2685, 2690-91 (2011) (reciting standard for sentence modifications); *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). Amendment 782 became retroactive on November 1, 2014.

Importantly, however, Amendment 782 does not benefit Galindo. His new sentence is the statutory minimum sentence of 120 months for violation of 21 U.S.C. § 841(b)(1)(A) that was in

---

[1] Galindo's original offense level was 31 with a criminal history category of VI which resulted in a guideline range of 168 to 210 months. The Court originally sentenced him to 168 months. D.E. 27, 42. At resentencing, his guideline range was reduced to 27 and his new guideline range was 130 to 162 months. The Court sentenced Galindo below the guideline range to 120 months. D.E. 42.

effect at the time of his sentencing. *See* D.E. 42. Although Amendment 782 modified the drug quantity table and Congress modified the amount of cocaine base for which the minimum sentence was 120 months in 2010, the statutory reduction was not retroactive for those defendants sentenced before August 3, 2010. *Dorsey v. United States*, 132 S.Ct. 2321, 2331 (2012) ("Congress intended the Fair Sentencing Act's more lenient penalties to apply to those offenders whose crimes preceded August 3, 2010, but who are sentenced after that date."). For this reason, Galindo does not qualify for further sentence reduction.

## CONCLUSION

The Court DENIES Galindo's motion (D.E. 44) to reduce sentence.

SIGNED and ORDERED this 14th day of October, 2015.

_____
Janis Graham Jack
Senior United States District Judge